```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

HOSIE A. CARTER                                CIVIL ACTION

VERSUS                                         NO: 12-1919

TANGIPAHOA PARISH, ET AL.                      SECTION: R

## ORDER AND REASONS

Defendants move for summary judgment, and plaintiff offers no opposition. For the following reasons, defendants' motions are GRANTED.[1]

## I.   BACKGROUND

Hoise Carter, appearing *pro se*, was an inmate enrolled in the Tangipahoa Parish Work Release Program ("the Program"). As part of the Program, Carter worked for Smitty's Supply, Inc. ("Smitty's"). At sometime around 9:00 p.m. on May 23, 2012, another inmate working for Smitty's attacked Carter and badly injured his face.[2] Carter informed his supervisor at Smitty's, Robert Nesbit. Nesbit informed security, who then called the Program's transport driver, Patrick Besse. Besse took Carter back to jail, where the director of the Program, Charles Burise, was informed of Carter's incident. Carter requested medical care, and the next morning, he was treated by a nurse practitioner at the

---

[1] R. Docs. 34, 36.

[2] R. Doc. 24 at 7.

Tangipahoa Parish Jail and transported to a nearby hospital for further treatment.

Carter brings this action under 42 U.S.C. § 1983 and various state-law theories. He sues Tangipahoa Parish ("the Parish"), Smitty's, Ed Smith, Smitty's owner, Burise in his individual and official capacities, Daniel Edwards, the Parish's Sheriff, Nesbit, and Patrick Besse. Carter's main complaint alleges that defendants delayed providing him medical treatment. Carter did not respond to defendants' motions for summary judgment.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision*

*Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991)(citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery

and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(citing *Celotex*, 477 U.S. at 332).

A nonmovant's failure to respond to a motion for summary judgment does not permit the entry of a "default" summary judgment. *Eversley v. Mbank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988); *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). The district court, however, may accept movant's evidence as undisputed and relegate the nonmovant to his unsworn pleadings. *Eversley*, 843 F.2d at 174; *McIVER v. United States*, 650 F. Supp. 2d 587, 590 (N.D. Tex. 2009); *Denmark v. Cole*, No. 2:02 CV 0295, 2005 WL 3293988, at *3 (N.D. Tex. Nov. 30, 2005)("Because of plaintiff's failure to respond, defendants' evidence is accepted as undisputed and summary judgment may issue to defendants upon a prima facie showing of entitlement."). Further, *pro se* briefs are afforded a liberal construction. *Steward v. Bryan*, No. 02-61059, 2003 WL 22295510, at *1 (5th Cir. Oct. 7, 2003) (unpublished) (per curiam).

**III. DISCUSSION**

Section 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

>    in an action at law, suit in equity, or other proper
>    proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights;" rather it merely provides "a method of vindicating federal rights conferred elsewhere." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's claims fail because he does not provide any evidence of a constitutional violation on behalf of any of the defendants.

**A.   DELAYED MEDICAL TREATMENT**

Indifference to a prisoner's serious medical needs constitutes an actionable Eighth Amendment violation under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). However, in order to maintain a viable claim for delayed medical treatment there must have been deliberate indifference, which results in harm. *See, e.g.*, *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference"). Furthermore, the plaintiff must show that the defendants had sufficiently culpable states of mind. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (noting at a minimum prisoner must allege deliberate indifference to serious medical needs).

"[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d

5

191, 195 (5th Cir. 1993). Plaintiff's claims fail on both elements.

First, deliberate indifference is an extremely high standard to meet. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Medical malpractice or negligent treatment do not necessarily constitute deliberate indifference. *See Mendoza*, 989 F.2d at 195. As the Supreme Court has remarked, "deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105-06). In essence, the plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756.

Plaintiff presents no evidence that defendants ignored his complaints. In fact, plaintiff concedes that he received medical attention within twelve hours of his injury.[3] Further, to constitute a viable claim for delayed medical treatment under § 1983 the delay itself must result in "substantial harm." *Mendoza*, 989 F.2d at 195. Plaintiff puts forth no evidence as to how the twelve-hour delay in treatment resulted in substantial

---

[3] R. Doc. 34-3 at 24.

harm. When he received medical treatment, the physician found no emergency situation and told Carter to follow-up within two weeks.[4] In fact, when Carter was scheduled for surgery two weeks later, Carter refused the procedure.[5] As such, the twelve-hour delay failed to result in any harm, let alone the "substantial harm" required to state a viable claim under § 1983. Plaintiff's claims for delayed medical treatment fail.

Plaintiff never served two defendants, Nesbit and Besse. Accordingly, they have not appeared nor moved for summary judgment. Nevertheless, when, as here, plaintiff "receive[s] notice of the constitutional issue dispositive of his [claims]," a district court can "award summary judgment to the unserved defendants." *Elliot v. Morgan*, 111 F. App'x 345, 346 (5th Cir. 2004) (per curiam) (citing *NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 965 (5th Cir. 1991)); *see also Hunter v. Harris*, No. 1:09cv195-HSO-JMR, 2010 WL 3713444, at *23 (S.D. Miss. Aug. 5, 2010). Accordingly, summary judgment is appropriate as to these defendants as well.

**B.   FAILURE TO TRAIN, FAILURE TO SUPERVISE, AND MUNICIPAL LIABILITY**

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444

---

[4] *Id.* at 31.

[5] *Id.* at 32.

F.3d 417, 425 (5th Cir. 2006) (citing *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). "It is facially evident that this test cannot be met if there is no underlying constitutional violation." *Rios*, 444 F.3d at 425 (quoting *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000) ("the fact that Plaintiffs' First Amendment rights were not actually infringed exonerates Holifield from supervisory liability"). The Fifth Circuit has held that courts "use the same standard in assessing an individual supervisor's liability under § 1983" as that used "in assessing a municipality's liability" thereunder. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc).

As discussed above, Carter has not made a valid § 1983 claim for delayed medical treatment. "[A]n underlying constitutional or statutory violation is a predicate to liability under § 1983." *Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989). Accordingly, his failure to train, failure to supervise, and municipal liability claims must also fail.

**C.   STATE LAW CLAIMS**

Having determined that plaintiff's federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir. 1999) (emphasis in original). Further, "the Supreme Court has counseled that the dismissal of all federal claims weighs heavily in favor of declining jurisdiction." *McClelland v. Gronwaldt,* 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan,* 338 F.3d 433 (5th Cir. 2003)).

**IV.   CONCLUSION**

For the foregoing reasons, defendants' motions for summary judgment are GRANTED.

New Orleans, Louisiana, this <u>3rd</u> day of July, 2013.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE